Landon, P. J.
The defendants demur to the complaint upon the ground that as to them it does not state facts sufficient to constitute a cause of action.
The complaint sets forth a written agreement entered into by the Union Blue Stone Company of the first part, the defendants and several others of the second part. The parties of the second part were blue stone producers, and by the agreement, the Union Blue Stone Company was constituted their sales agent for so much of their entire production as the market would take, at prices to be fixed by the producers.
The contract specified the proportion or percentage of the aggregate product marketable and to be marketed *361 which each producer should be entitled to furnish. The Blue Stone Company agreed to apportion among the producers from time to time the proper proportion or percentage which was the due of each producer, and to call upon him to deliver it. The company to take and market the stone and pay each producer the fixed price, less certain percentages and commissions to be retained or deducted by the company. The contract was to continue one year and the producers were not to otherwise sell or dispose of their product of stone.
The complaint alleges that business was transacted for one year under this contract; that the plaintiff performed as far as requested by the sales company and was ready and willing to perform further if further apportionment of the product had been made to him by the company, but the company did not call upon him for his full proportionate share of the aggregate product of stone, and stopped him from furnishing or selling his full share; that the company should have called upon him for stone to the value of $11,799.99 more than it did call for in order to have allotted him his proper share of the aggregate product sold, and because of this failure or refusal of the company the plaintiff has lost profits to the amount of $4,129.99, less expense of shipping same and of the company’s commissions.
Every party to the agreement was to have free access to the sales company’s books, which were to be so kept as to show the full and true accounts of the transactions.
The complaint sets forth a table of the precise over-allotment in values to some of the producers and the under-allotment to others.
The complaint recites that differences exist between the plaintiff and the other parties respecting the relative amounts of stone delivered by and sold for each producer. All the parties to the agreement except the plaintiff are made defendants.
Judgment is demanded that an account be taken of the entire sales and of the several allotments to each producer, that the amount of the deficit sustained by the plaintiff be ascertained and his loss thereby be paid him, either by the Union Blue Stone Company or by that company, and such of the defendants as have had more than their due share allotted to them; the plaintiffs offering to pay to any who are also deficient his ratable contribution.
We think the demurrer of these defendants well taken. Code Civ. Pro., § 447, provides thar “ any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party défendant, for the complete determination or settlement of *362 a question involved therein, except as otherwise expressly prescribed in this act.”
There is no allegation in the complaint that these defendants have or claim an interest in the controversy adverse to the plaintiff. The allegations of the complaint show that the demand of the plaintiff is against the Union Blue Stone Company alone. He complains because that company did not keep its agreement to apportion to him and to call upon him to furnish his full percentage or proportion of the aggregate of the stone marketable and marketed.by it. These demurring defendants did not agree to make the proper apportionment to, or call upon, the plaintiff. They did not guarantee performance by the Blue Stone Company. Each producer agreed for himself with every other producer, and with the Union Blue Stone Company, that he would fnlly perform the terms of the agreement upon his part to be performed. The defendants have made no default in their contract with, or duty to, the plaintiff. They are not charged with any default. They were bound by their agreement to furnish the Blue Stone Company all the stone that company apportioned to them and called upon them for. For that stone thus furnished by them, the Blue Stone Company agreed to pay them, and it has paid them, and to the money thus paid, or to the excess of it for sales above their proper proportion of the aggregate, the plaintiff has no claim, and alleges none.
The controversy being solely between the plaintiff and the Union Blue Stone Company, they are the only parties necessary to its complete determination. If the other producers bear any relation to the controversy, it is simply as witnesses. Whether the company has overpaid or underpaid them is solely a matter between the company and them. There is no case stated calling for contribution between the producers.
The plaintiff has the right to demand an accounting of the Blue Stone Company, but not of the other defendants.
The plaintiff seems to suppose that the proceeds of all the stone sold constituted a common fund distributable ratably among the producers after the Blue Stone Company’s commissions had been deducted, and that as some of the producers have drawn too much, and as he and some others have drawn too little, therefore in order to equalize, those who drew too much must bring back their excess into the pool, in order that it may make good the deficit of others. But no such case is stated in the complaint. No one is a necessary party to any case, unless it is necessary to bind him in some respect by the judgment. If the Union Blue Stone Company could not be made to pay the plaintiff, without first establishing its recourse to the defendants, or *363 if the amount which the company ought to pay the plaintiff was a part of a fixed sum, out of which the more the plaintiffs should receive the less the defendants would be entitled to, or if for any reason the company ought not to be compelled to pay the plaintiff, without first establishing it claims upon or liabilities to the defendants, then the reason for making the defendants parties, would be apparent.
The mere fact, that in order to establish the sum due the plaintiff, the amounts which the other parties have contributed to the stone sold, and have received from the company in payment, may be useful or necessary, should not expose them to the vexation of a suit by the plaintiff. These amounts are discoverable by simpler methods.
The interlocutory judgment should be reversed, with costs of appeal and judgment directed for the defendants, with costs of the court below.
Fish, J., concurs; Parker, J., not acting.